

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

April 17, 2025

**VIA ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *David Ramos v. City of New York*,
              23 Civ. 02464 (LAK)(GS)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney currently assigned to defend the City of New York, Cumberbatch, Okogeri, Didier, and Doliscar in this matter. Defendants submit this letter in response to Plaintiff's motion to compel in accordance with Your Honor's Order filed on April 16, 2025. *ECF No. 43*.

      On or about May 13, 2024, Defendants produced the first set of Genetec Video files. On April 10, 2025, additional surveillance footage was produced, in an MP4 format, that consisted of three videos depicting the incident and the events that occurred *before* the incident. This format allows for the videos, which depict the hallway where Plaintiff was on the telephone and the room where the incident occurred, to be viewed separately from two different angles. On April 11, 2025, Plaintiff informed Defendants via email that they were aware that the video files had been converted from the original Genetec Video file to MP4 files and requested for the videos to be reproduced "without alteration" and with all camera angles. The difference between the Genetec Video file requested by Plaintiff and the MP4 videos that were produced on April 10th is that the Genetec Video files contain additional video footage from the surrounding rooms that do not capture Plaintiff. On April 11th, Defendants advised Plaintiff that the produced footage was not altered and that all angles relevant to Plaintiff's claims were produced. We also informed Plaintiff that the remaining videos were not relevant. We also asked Plaintiff to advise why he believes it is important for the remaining footage to be produced so that Defendants could consider Plaintiff's

explanation. In addition, on April 3, 2025, Defendants served a Rule 68 Offer of Judgment and consented to Plaintiff's request on April 14, 2025, for a 14-day extension, in reliance on Plaintiff's reason that he needed to consider the footage that was produced in evaluating the Rule 68 Offer. In any event, Plaintiff did not provide the requested explanation and instead made the instant application.

As an initial matter, Plaintiff's motion should be denied because Plaintiff failed to comply with Your Honor's Individual Practices in Civil Cases which provides that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party in an effort to resolve the dispute. An exchange of letters or emails alone does not satisfy this requirement." Individual Practices in Civil Cases, II.C.1. Your Honor's Individual Practices further requires certification in the moving application of when and how the meet-and-confer occurred. Not only is that information not included in Plaintiff's letter but counsel did not comply with those requirements despite Defendant's invitation on April 11th for an explanation which should have prompted a meet-and-confer. Plaintiff also conveniently did not disclose in his application that Defendants requested said explanation as to why the non-relevant Genetec Video files should be produced. Had Plaintiff met and conferred with Defendants prior to filing the motion to compel, the parties would have had an opportunity to discuss the issues raised in Plaintiff's motion before addressing them to the Court, as Your Honor intended.

The scope of Rule 26(b) of the Federal Rules of Civil Procedure requires a party to produce only "nonprivileged matter that is *relevant* to a party's claim or defense and *proportional* to the needs of the case." Defendants' production of the MP4 videos is consistent with this rule. The main difference between the Genetec Video file sought by Plaintiff and the produced MP4 files are that the Genetec Video file contains additional video footage of the surrounding rooms that do not capture Plaintiff or the incident. Further, none of the videos contain audio so it is not possible that one camera captured audio that another camera did not. As we are not required to produce video that is not relevant, Defendants did not produce the remaining Genetec Video file. In any event, should the Court wish to review the Genetec Video file, *in camera*, to determine its relevance, Defendants can provide it to the Court..

Accordingly, Defendants respectfully request that Plaintiff's motion to compel be denied as Plaintiff's failed to comply with Your Honor's rules and because the video sought is not relevant.

Defendants thank the Court for its consideration of this matter.

    Respectfully submitted,

*Thomas Lai s/*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

To:    *Attorneys for Plaintiff*